**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHARLES E. GRIFFIN, II,<br><br>         Plaintiff,<br><br>v.<br><br>R. ZURBANO *et al.*,<br><br>         Defendants. | Case No.: 16-CV-2715-JLS(WVG)<br><br>**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO APPOINT COUNSEL**<br><br>**[Doc. No. 25.]** |

Plaintiff Charles Griffin, proceeding *pro se*, brings this action under 42 U.S.C. section 1983 against officials of the California Department of Corrections and Rehabilitation ("CDCR") alleging violations of his rights under the First, Eighth, and Fourteenth Amendments. He now moves for appointment of counsel, which the Court DENIES without prejudice.

**I.  BACKGROUND**

Plaintiff alleges a series of events transpired in 2015 when he was an inmate at the R.J. Donovan Correctional Facility in San Diego County. He alleges that a prison doctor discontinued his morphine prescription without examining him and claims that two prison nurses then lodged falsified complaints that he had threatened them. He claims a lieutenant then ordered him housed in administrative segregation without any investigation. As a

result, he contends he suffered adverse consequences at his parole hearing. He claims violations of his First, Eighth, and Fourteenth Amendment rights.

## II. APPLICABLE LAW

"There is no constitutional right to appointed counsel in a § 1983 action." *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (partially overruled en banc on other grounds). Thus, federal courts do not have the authority "to make coercive appointments of counsel." *Mallard v. U.S. Dist. Ct.*, 490 U.S. 296, 310 (1989); *see also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995).

Districts courts do have discretion, however, pursuant to 28 U.S.C. section 1915(e)(1), to request that an attorney represent indigent civil litigants upon a showing of exceptional circumstances. *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). "A finding of the exceptional circumstances of the plaintiff seeking assistance requires at least an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" *Agyeman*, 390 F.3d at 1103 (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)); *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

The Court agrees that any pro se litigant "would be better served with the assistance of counsel." *Rand*, 113 F.3d at 1525; citing *Wilborn*, 789 F.2d at 1331. However, so long as a pro se litigant, like Plaintiff in this case, is able to "articulate his claims against the relative complexity of the matter," the exceptional circumstances which might require the appointment of counsel do not exist. *Rand*, 113 F.3d at 1525 (finding no abuse of discretion under 28 U.S.C. § 1915(e) when district court denied appointment of counsel despite fact that pro se prisoner "may well have fared better-particularly in the realms of discovery and the securing of expert testimony").

///
///
///

### III. **DISCUSSION**

Plaintiff contends he needs counsel appointed here because he does not have any legal education, has a 10th-grade education, is unable to afford counsel, and is unable to obtain evidence as well as an attorney. Plaintiff does not qualify for appointment of counsel under the rigorous standard explained above.

First, Plaintiff's lack of education in the law and 10th-grade education level have not prevented him from filing very cogent and well-organized documents. For example, the Complaint is one of the better prisoner operative pleadings this Court has seen. It is typewritten, well-organized, and includes sections that are typically included in complaints filed by attorneys. It sets forth the factual allegations of this case quite well. This case is not complex, as it does not present novel questions or theories of law, and this area of law itself is not complex. Moreover, the Court held a Mandatory Settlement Conference on August 17, 2017, during which Plaintiff articulated his position with precision and clarity. He was able to recall events and discuss them intelligently and clearly.

The law in this areas is quite settled. Plaintiff's factual allegations are also non-complex and are in line with similar claims routinely litigated before this Court by *pro se* prisoners. Thus, Plaintiff will not need the assistance of an attorney to research and argue some arcane or unclear legal theory at this time. He has done quite well so far on his own and will continue to do so without an attorney.

Second, Plaintiff's indigence is not a factor the Court considers persuasive given that all or nearly all prisoners are indigent, and parties in civil cases are not automatically entitled to appointed counsel despite their indigence.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

Finally, although an attorney would be able to better conduct discovery, the limitations placed on Plaintiff based on his incarceration are no greater than any other prisoner plaintiff. Plaintiff may propound discovery, and he may petition the Court for redress if a dispute arises.

Plaintiff's request for appointment of counsel is **DENIED** without prejudice.

**IT IS SO ORDERED.**

DATED: August 17, 2017

Hon. William V. Gallo
United States Magistrate Judge