# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES E. GRIFFIN, II,<br><br>Plaintiff,<br><br>v.<br><br>RACQUEL E. ZURBANO *et al.*,<br><br>Defendants | Case No.: 16-CV-2715-JLS(WVG)<br><br>**ORDER (1) FOLLOWING *IN CAMERA* REVIEW OF PERSONNEL RECORDS and (2) DENYING AS MOOT MOTION FOR PROTECTIVE ORDER [Doc. Nos. 106 & 108.]** |

In accordance with the Court's September 20, 2018 Order (Doc. No. 97), the Attorney General's Office has lodged all Defendants' personnel files for *in camera* review so that the Court may rule on Plaintiff's Request for Production of Documents No. 1 propounded to all Defendants. Having reviewed the files, the Court rules as follows.

"Federal common law recognizes a qualified privilege for official information." *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033 (9th Cir. 1990) ("Government personnel files are considered official information."). "To determine whether the information sought is privileged, courts must weigh the potential benefits of disclosure against the potential disadvantages. If the latter is greater, the privilege bars discovery." *Id.* at 1033-34; *see also Doubleday v. Ruh*, 149 F.R.D. 601, 609 (E.D. Cal. 1993) ("The balancing approach of the Ninth Circuit is mirrored in this and other courts' previous determinations that a

balancing test is appropriate when the disclosure of law enforcement files in a civil action is at issue."). Documents that are a part of personnel records of officers defending civil rights actions, while containing sensitive information, are within the scope of discovery. *Soto v. City of Concord*, 162 F.R.D. 603, 614-15 (N.D. Cal. 1995) (citing *Hampton v. City of San Diego*, 147 F.R.D. 227, 229 (S.D. Cal. 1993)); *Miller v. Pancucci*, 141 F.R.D. 292, 296 (C.D. Cal. 1992).

Here, the personnel files of Defendants Zurbano, Santos, Roggelin, and Steadman contain nothing that could remotely bear on any issue, claim, or defense in this case, including anything that could be used for impeachment. These files contain nothing more than routine human resources paperwork and are devoid of anything relevant to this case. Accordingly, Defendants' relevance objections are SUSTAINED as to all documents in the personnel files of Zurbano, Santos, Roggelin, and Steadman, who need not further respond to RFP No. 1 in any way.

With respect to Defendant's Spence's file, it appears that Warden Paramo terminated Spence's employment effective November 30, 2017 after misconduct complaints from Spence's coworkers, investigations, and other discipline.[1] Although these events happened after March 15, 2015—the date at issue in Plaintiff's case—they may potentially bear on Spence's credibility at trial. They may or may not be admissible, but at a minimum they are relevant for purposes of discovery. Accordingly, the Court must weigh the advantages and disadvantages of disclosure.

With respect to the potential benefits of disclosure, the documents identified in footnote 1 relate to multiple acts of misconduct against fellow prison staff and the subsequent investigations that led to discipline.[2] Thus, the advantage of disclosure is the

---

[1] The following are the specific Bates ranges at issue: AGO 00054-74; AGO 00257-69; and AGO 00374-86.

[2] These acts did not involve inmates.

documents' possible potential to cast doubt on Spence's credibility at trial.[3] That being said, there are multiple disadvantages that outweigh disclosure at this time.

First, Spence has a privacy interest his personnel records, which are sensitive, private, and not intended for general dissemination. *See Bickley v. Schneider Nat'l, Inc.*, No. C-08-5806-JSW(JL), 2011 U.S. Dist. LEXIS 40674, at *6 (N.D. Cal. 2011) (unpublished) (collecting cases and stating that "[a]n employee's personnel records and employment information are protected by [California's] constitutional right to privacy"). That interest is justified here, where the contents of the records are potentially embarrassing to Spence.

Second, this Court finds that Spence's privacy interest is justified in this case given that disclosure would be to an inmate in a state penitentiary and the records also involve other prison staff, who might remain employed at the prison. Even if the Court enters a protective order, damage would nonetheless be done if Plaintiff discusses the contents of the documents—including staff members' names—with other inmates in violation of the protective order. That information could then spread like wildfire and cause damage to the prison institution at large. While the Court could punish Plaintiff for violating the protective order, the harm caused by dissemination of the information cannot be undone.

Finally, given Spence's privacy interest in the records and the potential irreparable harm caused by dissemination of the information, disclosure would not be appropriate now given the limited impact this information would have at this stage of the proceedings. That is because the records bear on credibility, the Court cannot resolve credibility issues during the summary judgment phase, and credibility determinations are reserved solely for the jury. *Manley v. Rowley*, 847 F.3d 705, 711 (9th Cir. 2017) ("[A] court ruling on a motion for summary judgment may not engage in credibility determinations or the weighing of

---

[3] However, their relevance is mitigated given that Spence's misconduct occurred well after the allegations in this case, did not involve prisoners, and was not similar in nature to the type of conduct Plaintiff alleges in this case.

evidence, as those are functions reserved for the jury.") (internal citation, quotation marks, and alterations omitted). Thus, to the extent these records are relevant, they are relevant only after the summary judgment phase. If credibility becomes an issue with respect to a triable issue of material fact during the summary judgment phase, then the case will proceed to trial, the records might be disclosed at that time, and the issue will be presented to a jury. *See id.* Because Spence's credibility is not yet at issue in this case, disclosure would be greatly disadvantageous given the other factors the Court discussed above. Thus, for now, Defendant Spence need not further respond to RFP No. 1.[4]

**IT IS SO ORDERED.**

DATED: October 11, 2018

_____
Hon. William V. Gallo
United States Magistrate Judge

---

[4] The foregoing notwithstanding, Plaintiff should rest assured that should Spence's summary judgment motion be denied and the case against him proceeds to trial, the Court will reconsider ordering disclosure of the records subject to a protective order.

Because the Court does not order disclosure at this juncture, Defendants' motion for a protective order is DENIED as moot and without prejudice. Should the Court order disclosure in the future, the Court will revisit the motion *sua sponte*.