# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES E. GRIFFIN, II,<br><br>                              Plaintiff,<br><br>vs.<br><br>RAQUEL E. ZURBANO; DORRIE P. STEADMAN; MICHAEL J. ROGGELIN; K. SPENCE; and MICHAEL SANTOS,<br><br>                             Defendants. | Case No.: 16-CV-2715 JLS (WVG)<br><br>**ORDER (1) ADOPTING REPORT AND RECOMMENDATION, AND (2) GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT**<br><br>(ECF Nos. 87, 88, 129) |

Presently before the Court are the Motions for Summary Judgment filed by Defendants R. Zurbano, D. Steadman, M. Santos, and M. Roggelin (the "Zurbano Mot.," ECF No. 87) and Defendant K. Spence (the "Spence Mot.," ECF No. 88) (together, the "Motions"). Also before the Court are Plaintiff's Opposition to the Zurbano Motion ("Opp'n," ECF No. 120); and Defendants Zurbano, Steadman, Santos, and Roggelin's Reply ("Reply," ECF No. 126). Magistrate Judge William V. Gallo has issued a Report and Recommendation advising the Court to grant the Motions ("R&R," ECF No. 129). Plaintiff did not object to the R&R.

/ / /

/ / /

1

# BACKGROUND

Magistrate Judge Gallo's R&R contains a complete and accurate recitation of the relevant portions of the factual and procedural histories underlying Defendants' Motions. R&R at 2–5. This Order incorporates by reference the background as set forth therein.

# LEGAL STANDARD

## I. Review of the Report and Recommendation

Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1) set forth a district court's duties in connection with a magistrate judge's report and recommendation. The district court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 673–76 (1980); *United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989). In the absence of timely objection, however, the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note (citing *Campbell v. U.S. Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974)).

## II. Motion for Summary Judgment

Under Federal Rule of Civil Procedure 56(a), a party may move for summary judgment as to a claim or defense or part of a claim or defense. Summary judgment is appropriate where the Court is satisfied that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Material facts are those that may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine dispute of material fact exists only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* When the Court considers the evidence presented by the parties, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255.

1 | The initial burden of establishing the absence of a genuine issue of material fact falls
2 | on the moving party. *Celotex*, 477 U.S. at 323. The moving party may meet this burden
3 | by identifying the "portions of 'the pleadings, depositions, answers to interrogatories, and
4 | admissions on file, together with the affidavits, if any,'" that show an absence of dispute
5 | regarding a material fact. *Id.* When a plaintiff seeks summary judgment as to an element
6 | for which it bears the burden of proof, "it must come forward with evidence which would
7 | entitle it to a directed verdict if the evidence went uncontroverted at trial." *C.A.R. Transp.*
8 | *Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (quoting *Houghton*
9 | *v. South*, 965 F.2d 1532, 1536 (9th Cir. 1992)).

Once the moving party satisfies this initial burden, the nonmoving party must identify specific facts showing that there is a genuine dispute for trial. *Celotex*, 477 U.S. at 324. This requires "more than simply show[ing] that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, to survive summary judgment, the nonmoving party must "by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts'" that would allow a reasonable fact finder to return a verdict for the non-moving party. *Celotex*, 477 U.S. at 324; *Anderson*, 477 U.S. at 248. The non-moving party cannot oppose a properly supported summary judgment motion by "rest[ing] on mere allegations or denials of his pleadings." *Anderson*, 477 U.S. at 256.

## ANALYSIS

Plaintiff asserts claims for violation of his First, Sixth, Eighth, and Fourteenth Amendment rights, as well as state law claims for intentional infliction of emotional distress and negligence. *See* ECF No. 1 ("Compl.") ¶¶ 10, 93–94. Through their Motions, Defendants seek summary adjudication of each of Plaintiff's claims. *See generally* ECF Nos. 87, 88. Magistrate Judge Gallo recommends that Defendants' Motions be granted and that summary judgment be entered on behalf of all Defendants. *See* R&R at 19.

Because Plaintiff failed timely to object to Magistrate Judge Gallo's R&R, the Court reviews the R&R for clear error. Having reviewed the R&R, the Court finds that it is well

1 | reasoned and contains no clear error. Accordingly, the Court **ADOPTS** in its entirety Judge Gallo's R&R (ECF No. 129) and **GRANTS** Defendants' Motions (ECF Nos. 87, 88).

**CONCLUSION**

In light of the foregoing, the Court **ADOPTS** in its entirety Magistrate Judge Gallo's R&R (ECF No. 129) and **GRANTS** Defendants' Motions for Summary Judgment (ECF Nos. 87, 88). Because this Order concludes litigation in this case, the Clerk of Court **SHALL** close the file.

**IT IS SO ORDERED.**

Dated: March 4, 2019

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge